UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TREVOR HOLMES (#393007)                                    CIVIL ACTION

VERSUS

WARDEN STEVE RADAR                                         NO. 08-0480-RET-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 20th day of February, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TREVOR HOLMES (#393007)                                              CIVIL ACTION

VERSUS

WARDEN STEVE RADAR                                                   NO. 08-0480-RET-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Trevor Holmes, challenges his convictions, entered in 1998 on charges of manslaughter and attempted manslaughter. He challenges the resulting 40 and 20-year concurrent sentences, complaining that he was provided with ineffective assistance of counsel at trial when his attorney essentially admitted to the jury that he was guilty of manslaughter.

Upon a review of the petitioner's application, it appears that he was tried by jury and found guilty, in February, 1998, of manslaughter and attempted manslaughter. He was thereafter sentenced to serve forty (40) year years in confinement on the manslaughter charge and twenty (20) years in confinement on the attempted manslaughter charge, with these sentences to run concurrently.

The petitioner appealed these convictions to the Louisiana Court of Appeals for the First Circuit, asserting that the trial court imposed an excessive sentence. On February 18, 2000, the First Circuit affirmed the convictions. See State v. Holmes, 754 So.2d 1132 (La. App. 1st Cir. 2000). A subsequent application for further review before the Louisiana Supreme Court was denied on March 30, 2001. See State v. Holmes, 788 So.2d 440 (La. 2001).

On or about June 18, 2001, the petitioner filed an application for post-conviction relief in the

state district court, asserting that the trial court erred (1) in allowing a police officer to testify as an expert, (2) in allowing the admission of other crimes evidence, (3) in allowing the introduction of a firearm without establishing a chain of custody connecting the gun to the offense, and (4) in imposing an excessive sentence. This application was denied in the state district on January 8, 2002, and it does not appear that the petitioner sought further review of this denial in either the intermediate appellate court or the Louisiana Supreme Court.

More than three years after denial of his first application for post-conviction relief, the petitioner filed a second application for post-conviction relief in September, 2005, asserting, <u>inter alia</u>, that he had been provided with ineffective assistance of counsel. This application was denied as untimely on September 28, 2005, and the petitioner's subsequent applications for supervisory review were denied in both the intermediate appellate court and in the Louisiana Supreme Court, with the Louisiana Supreme Court denying review on September 14, 2007, and explicitly citing La. C.Cr.P. art. 930.8 and <u>State ex rel. Glover v. State</u>, 660 So.2d 1189 (La. 1995). See <u>State ex rel Holmes v. State</u>, 963 So.2d 392 (La. 2007).

Approximately 10 months thereafter, on July 30, 2008, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is untimely.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

In the instant case, upon resolution of the petitioner's initial post-conviction relief application on January 8, 2002, the petitioner allowed more than three years to elapse prior to his filing of a second post-conviction relief application in state court. Pretermitting consideration of any other time periods, it is clear that more than one year elapsed during which the petitioner did not have any pending post-conviction claims. Accordingly, his habeas corpus application in this Court is time-barred pursuant to § 2244(d) and must be dismissed.

Moreover, although this Court also has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no compelling reason to recommend tolling in this case. Accordingly, the Court finds that the petitioner is not entitled to equitable tolling of the limitations period.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed as untimely.

Baton Rouge, Louisiana, this 20th day of February, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE